# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY BUXTON, | ) |
| Plaintiff, | ) 2:20-CV-01647-CRE |
| vs. | ) |
| JOHN E. WETZEL, SECRETARY OF CORRECTIONS; D. VARNER, ZACHARY MOSLAK, CHIEF HEARING EXAMINER; MELINDA L. ADAMS, SUPERINTENDENT/WARDEN/FACILITY MANAGER; MR. SHANE DADY, DSCS OF SCR MERCER; J. YODIS, HEARING EXAMINER/ COORDINATOR; EDWARD WHITMAN, UNIT MANAGER; SGT. HAMILTON, SERGEANT; KAREN FEATHERS, CHCA; AND MILLIREN, CORRECTIONAL OFFICER; | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

Plaintiff, Andy Buxton, a prisoner confined at SCI Mercer, initiated this action on November 2, 2020, with the filing of a motion for leave to proceed *in forma pauperis* to bring a civil action without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. After being granted leave to proceed *in forma pauperis*, Plaintiff filed the instant Complaint against ten Defendants on January 29, 2021. (ECF No. 16).

After service was completed, Defendants[1] filed the instant Motion for More Definite Statement, with brief in support, and Plaintiff filed a response. (ECF Nos. 34, 35, 38). For the

1

reasons that follow, the Defendants' motion will be granted.

**Standard of Review**

The Court begins by noting that the complaint of a plaintiff proceeding *pro se* must be "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, nothing in the lenience accorded a *pro se* filing excuses a plaintiff from complying with the threshold requirements of the Federal Rules of Civil Procedure.

Under Fed.R.Civ.P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief…." The words "short and plain" are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear. Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed.

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). Rule 12(e) is part of the "district court's case-management arsenal," *Twombly v. Bell Atl. Corp.,* 550 U.S. 544, 593 n. 13 (2007), that, in conjunction with the rest of Rule 12 and Rule 8, serves "to frame and govern [the] court's assessment of the quality of a pleading." *Sony BMG Music Entm't v. Cloud*, No. 08-1200, 2008 WL 3895895, at *2 (E.D. Pa. Aug. 29, 2008). Generally speaking, Rule 12(e) motions are disfavored in light of the liberal pleading standards established by Federal

---

[1] Defendants are all represented by the same attorney.

Rule of Civil Procedure 8(a). A Rule 12(e) motion is only "appropriate when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simply denial, in good faith, without prejudice to [itself].'" *Sun Co., Inc. (R&M) v. Badger Design & Constructors, Inc.,* 939 F. Supp. 365, 368 (E.D. Pa. 1996) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 (1990)). "The basis for granting such a motion is unintelligibility, not lack of detail." *Wood & Locker, Inc. v. Doran & Assoc.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989).

## Discussion

Plaintiff's Complaint begins with the allegation that on February 11, 2019, he "was misdiagnosed and wrongly identified by the medical department in which [his] blood was seized against [his] will violating ]his] constitutional rights." Compl. (ECF No 16) at ¶ 16. Plaintiff claims doctors failed to treat him according to notes from his surgery, where he was to see an optometrist. *Id*. at ¶ 17. He then claims his blood samples were seized and mixed up. *Id*. According to Plaintiff, this negligence of the medical department led him to have a more damaged eye, which is still an issue to this day. *Id*. at ¶ 19.

Plaintiff then goes on to contend that on September 8, 2019, his "property was removed by [Defendant Dady] and placed on hold." *Id*. at ¶ 22. According to Plaintiff, this was "an act of harassment and retaliation for filing prior grievances." *Id*. Plaintiff claims that his "personal property was removed and destroyed without [his] permission. Including medication, medicine, and legal document[s]." *Id*. at ¶ 23.

Plaintiff then claims that on January 14, 2020, "Officer Carraway directed [Plaintiff] to

throw away property which was purchased in the activities department" which he claims he had permission to have. *Id*. at ¶ 33. Plaintiff claims he was then denied a meal. *Id*.

According to Plaintiff, on February 23, 2020, "Officer Milliren referred to [Plaintiff] and other inmates as indentured slaves." *Id*. at 36. Plaintiff claims that he replied, "OK Master" and was then subject to a misconduct. *Id*. at ¶¶ 36-37.

Plaintiff claims that on February 25, 2020, a hearing was conducted on a misconduct and he was denied procedural due process by being denied the right to call witnesses. *Id*. at ¶¶ 40-41. Plaintiff claims these officers continued to harass him and call him an indentured slave and said they were going to make sure he did not get parole. *Id*. at ¶¶ 45-46. Plaintiff claims that an officer filed two more fabricated misconducts. *Id*. at ¶ 46.

The rest of the Complaint continues on in this vain, with Plaintiff setting forth a series of complaints regarding his treatment by unnamed prison officials. *See id*. at ¶¶ 47-100.

The Complaint culminates in the following legal claim:

> The retaliation, seizing of Plaintiff's blood, deliberate indifference to medical needs, denying access to courts, racial discrimination, fabricated evidence (misconduct reports), destruction of personal property, spoliation of property, destruction of missing and/or tak[ing] of legal property and other numerous violations this court can construe liberally violated Plaintiff Andy Buxton's right and constituted freedom of speech, cruel and unusual punishment, due process violation 1st 4th, 5th, 8th, 14th Amendment to the United States Constitution. Also any other Amendment this court can construe liberally.

Complaint (ECF No. 16) at ¶ 103.

It is clear to the Court that the Complaint violates the "short and plain" statement rule which governs federal pleadings. It appears that Plaintiff has sued almost every staff member he came in contact with at SCI-Mercer and has lumped them together in bald, conclusory, rambling

4

allegations that offer no specifics, and few dates. Plaintiff has utterly failed to comply with Rule 8. The Complaint is not "short." It sprawls 16 pages of single spaced handwritten pages. Nor is the Complaint "plain." Plaintiff's factual and legal allegations are, to a substantial extent, incomprehensible. It is still virtually impossible to tell what the issues are and who was involved.

Further, the Complaint violates the requirements for permissive joinder pursuant to Federal Rule of Civil Procedure 20(a). There is no indication as to how at least some of Plaintiff's array of claims share either common law or common fact and, accordingly, they are inappropriate for joinder under Rule 20. A careful reading of his allegations shows that the while all claims occurred from his incarceration at SCI Mercer, it is unclear how many of these issues relate to one another.

There also exists another important reason for requiring compliance with Rule 20. The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy v. Klem,* 2007 WL 1576444, at *1 (M.D.Pa. May 30, 2007). *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."). *See also Smith v. Kirby,* 53 F. App'x 14, 16 (10th Cir.

5

2002) (unpublished) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court.. . .").

In sum, the Complaint is best described as a "kitchen sink" or "shotgun" complaint - a complaint in which a plaintiff brings every conceivable claim against every conceivable defendant. Such complaints are troublesome for many reasons. For one thing, complaints like the instant one unfairly burden defendants and courts. The plaintiff who files such a shotgun complaint shifts onto the defendant(s) and the Court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. This is not the job of either a defendant or the Court.

It is important to note that a "kitchen-sink" or "shotgun" complaint also harms the plaintiff who brings it. In most cases, a genuine dispute that supports a viable legal claim underlies a plaintiff's complaint. But this genuine dispute becomes almost impossible to discern when it is buried in pages of various allegations, some of which may or may not rise to the level of a viable claim. The Court will not be able to grant relief when it cannot read or understand what the party is requesting.

Based on the foregoing, and in the interests of justice to this *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff will be the opportunity to file a complaint which meets the requirements of the Federal Rules of Civil Procedure, as outlined above. The amended complaint must be filed by **August 24, 2021.** Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate

complaint without reference to the complaints already filed. Additionally, it must establish the existence of actions by defendants which have resulted in constitutional deprivations. It must contain short and plain statements identifying the person and the dates on which the conduct at issue occurred. Plaintiff should break down his allegations by numbered paragraphs which lay out the factual allegations to support his claims. To the extent that Plaintiff believes that he has been subjected to more than one violation of his rights, <u>and to the extent that these violations are unrelated to each other</u>, he should file separate complaints addressing each violation along with separate motions to proceed in forma pauperis. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D.Pa. 1992).

Plaintiff is advised that failure to comply with this Order may result in the dismissal of all or part of the action. Accordingly, Defendants' motion will be granted and Plaintiff will be given the opportunity to file a complaint which comports with the Federal Rules of Civil Procedure.

An appropriate Order follows.

**ORDER OF COURT**

**AND NOW, this 24th day of June, 2021,**

**IT IS ORDERED** that Defendants' motion is **GRANTED.** Plaintiff shall file a complaint which comports with the Federal Rules of Civil Procedure on or before **August 24, 2021.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mark this case administratively **CLOSED** until **August 24, 2021**, or until such time as Plaintiff has filed his amended complaint, whichever is sooner.²

s/Cynthia Reed Eddy  
Cynthia Reed Eddy  
Chief United States Magistrate Judge

cc: ANDY BUXTON
MS1885
SCI Mercer
801 Butler Pike
Mercer, PA 16137
(via U.S. First Class mail)

Phillip E. Raymond
PA Office of Attorney General
(via ECF electronic notification)

---

² Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar <u>if</u> it was originally filed timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).